

## UNDER SEAL

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR ISSUANCE OF A CRIMINAL COMPLAINT

2:17MJ38

I, Paul G. Wolpert, being first duly sworn state:

1.  I am a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), currently assigned to the Office of the Assistant Special Agent in Charge (ASAC), Norfolk, Virginia. I have been so employed since April 2002. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8)) in all forms of media including computer media.

2.  As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3.  The information contained in this Affidavit is based on my personal knowledge, the review of documents, and observations made by me during the course of this investigation, as well as, information conveyed to me by other individuals, including information obtained from other law enforcement agencies.

4.  This affidavit is being made in support of an application for an arrest warrant for JAMIE LEE SORRENTINO for RECEIPT of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

5.  Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for an arrest warrant, this Affidavit does not set forth each and every fact learned by me or observed by me during the course of this investigation. This Affidavit includes only the facts I believe are necessary to establish probable cause to believe JAMIE LEE SORRENTINO for RECEIPT of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

## LEGAL AUTHORITY

6.  18 U.S.C. § 2252(a)(2) provides, in pertinent part, any person who knowingly receives any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct, shall be punished.

7.      18 U.S.C. § 2252(a)(4)(B) prohibits a person from knowingly possessing, or knowingly accessing with intent to view, one or more books, magazines, periodicals, films, or other materials which contain visual depictions of minors engaged in sexually explicit conduct that have been mailed, shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed, shipped or transported, by any means including by computer.

## DEFINITIONS

8.      "Child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors in sexually explicit poses or positions.

9.      "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

10.     "Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, and mobile phones and devices. See 18 U.S.C. § 1030(e)(1).

11.     "Internet Protocol Address" (IP Address), as used herein, refers to refers to a unique number used by a computer or other digital device to access the Internet. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet.

12.     "Internet Service Providers" ("ISPs"), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

13.     "Minor" and "sexually explicit conduct" are defined in 18 U.S.C. §§ 2256(1) and (2). A "minor" is defined as "any person under the age of eighteen years." The term "sexually explicit conduct" means actual or simulated:

     a.     Sexual intercourse, including genital genital, oral genital, anal genital, or oral anal, whether between persons of the same or opposite sex;
     b.     Bestiality;
     c.     Masturbation;

2

    d.    Sadistic or masochistic abuse; or
    e.    Lascivious exhibition of the genitals or pubic area of any person.

14.    "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## PROBABLE CAUSE TO ARREST JAMIE LEE SORRENTINO

15.    In March 2015, a Bedford County Internet Crimes Against Children (ICAC) Investigator was conducting an online investigation of peer to peer filing sharing networks using an online database that catalogued users providing known files containing child pornography. During this time period, the investigator identified an IP address, 96.36.85.121, in the Suffolk, Virginia area, which was providing files identified as child pornography for distribution between September 18, 2014, and January 22, 2015. The review revealed the Internet account using the identified IP address provided 193 individual files known to contain child pornography based on their hash values. The Bedford County investigator issued a subpoena to Charter Communications, the Internet Service Provider for the identified IP address, and requested the account that was assigned the IP address for the relevant dates.

16.    On March 26, 2015, Charter Communications responded to the subpoena and identified the account as being subscribed to by A.L. at his residence in Suffolk, Virginia. The information was collected and forwarded to the Suffolk Police Department for follow up.

17.    A review of residence records indicated the occupants of the residence were listed as A.L., E.L. and JAMIE LEE SORRENTINO. However, law enforcement then learned that E.L. had passed away prior to any search being conducted at the residence.

18.    On June 16, 2016, agents from the Suffolk Police Department and FBI executed a state search warrant at A.L.'s residence. A.L. was the only person at the residence during the search. Upon arrival, A.L. stated SORRENTINO was at work. The investigators searched the residence and interviewed A.L. A.L. denied any knowledge of child pornography and peer to peer programs.

19.    During the search, numerous computers and various recordable media were located in and seized from the residence, including two laptops and other media from SORRENTINO's bedroom.

20.    After the warrant, the investigators decided to return to the residence later that evening to speak with SORRENTINO when he returned home from work.

21.    Prior to traveling back to the residence, seized electronic items from SORRENTINO's bedroom were previewed found to contain child pornography. Other devices from within the residence, other than those seized from SORRENTINO's bedroom, were previewed and determined not to contain child pornography.

22. Later that day, upon SORRENTINO's arrival to the residence, the investigators approached SORRENTINO and identified themselves. They informed SORRENTINO they had executed a search previously in the day and wanted to speak to him about it. SORRENTINO agreed to speak with them and escorted them into the residence.

23. SORRENTINO was informed he was not under arrest. SORRENTINO also was informed the search had to do with child pornography. Law enforcement asked SORRENTINO if he had any knowledge about child pornography files being provided online from the residence. SORRENTINO admitted to downloading child pornography using peer to peer networks and admitted he had been doing it for years. SORRENTINO said he started when he was "young." SORRENTINO also stated he had visited a website where users could post images including child pornography.

24. The seized devices were examined forensically and child pornography was discovered on both computers and thumb drives belonging to SORRENTINO. In total, over 50,000 images and videos of child pornography and child erotica were discovered. Examples of the child pornography are:

    a. 000002171.avi – the video was saved to the computer on May 17, 2016, and is described as a naked white prepubescent female, approximately 10-12 years old, laying on a bed. She is masturbating with a sex toy. Later in the video a naked adult white male engages in anal sex with the girl.

    b. Rona fuck from behind 01.mpg - the video was saved to the computer on May 25, 2016, and is described as an Asian prepubescent female, approximately 5-7 years old, naked on a bed. She is on her hands and knees and a naked adult white male is kneeling behind her and engaged in intercourse.

    c. lsp-007-094.jpg - the image was saved to the computer on June 16, 2016, and is described as a prepubescent naked white female, approximately 7-9 years old, and the image is a close up of the lower half of her body and her vagina.

25. The latter visual depictions were found on an Asus laptop and the hard drive contained therein, both of which were manufactured outside of Virginia.

26. The forensic exams of the devices also revealed chat messages between SORRENTINO and other individuals in which the subject of the conversations involved underage girls. An example of the chats includes:

Date of Chat: 6/12/2016

(unknown) – What u looking for
SORRENTINO – Young play
(unknown) – How old
SORRENTINO – Tell me more about your girl

4



(unknown) – U 15
SORRENTINO – How old is she
(unknown) – 40 and hot
(unknown) – How old r u
SORRENTINO – 45
(unknown) – Got a cock pic
SORRENTINO – Your daughter
SORRENTINO – Ok
(unknown) – U want my wife or daughter
SORRENTINO - Dau
(unknown) – She's 9
SORRENTINO - Mmmm
(unknown) – Pretty with a hairless light pussy
SORRENTINO – Oh yes
(unknown) – Show me your cock
(unknown) – U want to cum on her panties
SORRENTINO – Got panty pic
----------------
(unknown) – Want some
SORRENTINO – Love to see her in them
SORRENTINO – Got your cock in them
(unknown) – Nice cock
SORRENTINO – It needs to be in your daughter

27.     During the chat session, SORRENTINO sends two images of his erect penis and a video of himself masturbating and making statements how he wants to do sexual things to the recipient's 9-year-old daughter.

## CONCLUSION

28.     Based on the information and evidence set forth above, your affiant respectfully submits that there is probable cause to believe that JAMIE LEE SORRENTINO has committed the following offenses: <u>COUNT ONE:</u> on or about May 17, 2016, in Suffolk, in the Eastern District of Virginia, JAMIE LEE SORRENTINO did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, that is: JAMIE LEE SORRENTINO received a visual depiction bearing the file name "000002171.avi," in violation of 18 U.S.C. § 2252(a)(2); and <u>COUNT TWO:</u> on or about June 16, 2016, in Suffolk, in the Eastern District of Virginia, JAMIE LEE SORRENTINO did knowingly possess one or more matters, that is, an ASUS laptop and the hard drive contained there, both of which were manufactured outside of the Commonwealth of Virginia, which contained visual depictions that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which was produced using materials which had been

mailed, and so shipped and transported, by any means including by computer, and the production of such visual depictions involved the use of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct, and such visual depictions are of such conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

29. Accordingly, I request that a warrant be issued authorizing the arrest of JAMIE LEE SORRENTINO.

Paul G. Wolpert
Special Agent
Department of Homeland Security
Homeland Security Investigations
Norfolk, VA

Sworn to before me this 24th day of January, 2017.

United States Magistrate Judge
Eastern District of Virginia